Bennie AUBIN, Respondent, v. David WADSWORTH, Appellant. (Supreme Court, Appellate Division, Fourth Department. December, 1915.) Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff for $2,937.30 damages and costs, entered June 3, 1913, in the office of the clerk of the county of Cayuga, upon the verdict of a jury, and also from an order entered June 7,

1913, denying the defendant's motion to set aside the verdict and for a new trial.

PER CURIAM. Under the court's instruction the jury were permitted to consider in determining the question of defendant's negligence his failure to install for use by the operator of the grindstone at which plaintiff was at work at the time he was injured a hand power control. The evidence shows that the stone broke almost immediately after its acceleration of speed was observed by plaintiff. It appears that such a hand power control, if it had been installed, would necessarily have operated slowly in reducing or accelerating the speed of the stone. We think it does not appear that, if installed, plaintiff could have operated it so promptly as to have reduced the speed in time to avoid the accident. If so, defendant's failure to install this control could not be considered as a proximate cause of the accident. The jury were also permitted to find defendant negligent if the stone should be found by them to have broken by reason of imperfection in structural formation, provided defendant should have known of such defect. We are also of the opinion that if the verdict of the jury may be considered as based upon this ground of negligence, it was against the weight of the evidence. The judgment and order should be reversed and a new trial directed, with costs to appellant to abide event. All concurred, except Kruse, P. J., who dissented. Judgment and order reversed, and new trial granted, with costs to appellant to abide event.